John H. CkozieR, Special J.,
delivered the opinion of the Court.
Crouch & Co. sued out a warrant against the defendant Elizabeth Martin. The constable returned the warrant for trial before E. S. Edwards, a justice of the peace for Washington county. On the day of the trial, three other justices of the peace were present, who had been summoned as witnesses. One of them was a witness for both the plaintiffs and defendant, and the other two were witnesses on behalf of the defendant only. Edwards, with the consent of the parties, invited all three of them to preside with him on the trial. After hearing the testimony, the three justices who presided by invitation gave judgment in favor of defendant and against the plaintiffs for costs. Edwards on the same day gave judgment in favor of the plaintiffs and against the defendant for twenty-one dollars and seventy-four cents and costs. An execution was issued on the judgment rendered by Edwards, and the case was brought into the Circuit Court of Washington county by the defendant by certiorari and supersedeas. A motion was there made by the defendant’s counsel to quash the execution, on the ground that the judgment rendered by the three justices in favor of defendant was legal and valid, and the one rendered by Edwards was a nullity. *571 The Circuit Judge, taking this view of the case, quashed the execution, from which judgment the plaintiffs appealed to this Court.
We think the judgment of the Circuit Court is erroneous.
Where a justice of the peace before whom a warrant is returned for trial is not legally or physically incompetent to hear the cause, it is his duty to do so; and if he actually presides at the trial, it is his duty, and the responsibility devolves upon him, to decide it; and his opinion and decision is the judgment of the case. Any other rule than this might produce confusion or delay from a division of opinions or inconsistent decisions — of which this case is a strong illustration — and might also cast suspicion on the integrity of those who voluntarily assume responsibility and authority not imposed upon them by the law and its officers.
The justice before whom the cause is returned for trial may seek advice and assistance from whatever source he pleases; and if others of his brother justices should preside with him at the trial and join him in rendering judgment, it would not vitiate the proceedings. But they cannot take away from him the power and authority to decide the cause. We therefore think the judgment rendered by Edwards, the justice before whom the warrant was returned for trial, was the legal and valid judgment in the case, and the judgment of the other justices who presided with him was a nullity.
But it is further insisted upon by the counsel for the plaintiffs in error that the petition for the certiorari and supersedeas should be dismissed, because there is no sufficient reason given for not appealing. The cause having *572 been tried on Saturday, tbe petitioner states that sbe did not “know until tbe Monday following that Edwards bad given judgment against ber, and that it was out of ber power to go tbe next day and give security for tbe appeal.” This of itself is not a sufficient reason for not appealing from the justice’s judgment. But as we think tbe petitioner was also influenced not to appeal by tbe anomalous state of tbe case produced by tbe justices presiding at tbe trial — there being two inconsistent judgments, tbe one in ber favor and tbe other against ber — and as sbe denies tbe justice of tbe plaintiffs’ demand under these circumstances, some of which are' novel, we think she ought not to be deprived of another trial.
We therefore reverse tbe judgment of tbe Circuit Court quashing tbe execution, and remand tbe cause to the Circuit Court of Washington county for a trial on tbe merits.